IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHARMANE SMITH | : | |
| **Plaintiff** | : | |
| | : | |
| v. | : | **CIVIL ACTION NO. 20-5749** |
| | : | |
| COMCAST, *et al.* | : | |
| **Defendants** | : | |

## MEMORANDUM

**PRATTER, J.**                                                    NOVEMBER 24, 2020

Plaintiff Charmane Smith, a citizen of Tennessee, has filed a civil action against Comcast
and the National Broadcasting Company ("NBC"), asserting both federal question and diversity
jurisdiction.  Ms. Smith seeks to proceed *in forma pauperis*.  For the following reasons, the Court
will grant Ms. Smith leave to proceed *in forma pauperis* and dismiss her Complaint with
prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i).

## I.     FACTUAL ALLEGATIONS

Ms. Smith's factual allegations consist entirely of conclusory statements that Comcast
and NBC have "invaded [her] privacy through the use of stolen technology called the 'Theta
Beta Brainwave Transmitter and Receiver.'" (ECF No. 2 at 2.)[1]  She alleges they have exposed
private moments and information about her, published information that placed her in a false
light, used her name, persona and image without her permission, and harassed her using their
broadcasting powers. (*Id.*)  She asserts claims for defamation,[2] invasion of privacy, intentional

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system.

[2] In her allegation of defamation Ms. Smith cites 28 U.S.C. § 4101.  That section
provides a definition of "defamation" for courts to use when considering whether to recognize a

infliction of emotional distress, and negligent infliction of emotional distress and seeks $100 billion in damages, trebled to $300 billion. (*Id.* at 3.)

## II.    STANDARD OF REVIEW

The Court grants Ms. Smith leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, subsequent to granting that leave, 28 U.S.C. § 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Additionally, § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice. *Id.* Ms. Smith is proceeding *pro se*, so the Court construes her allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

Ms. Smith's allegation that Comcast and NBC invaded her privacy using a Theta Beta Brainwave Transmitter and Receiver lacks an arguable basis in fact. Her other allegations are only conclusions with no facts to support plausible claims for defamation, invasion of privacy,

---

foreign defamation judgment under 28 U.S.C. § 4102. Because Ms. Smith does not allege that she possesses a judgment from a foreign jurisdiction, the section is irrelevant.

and infliction of emotional distress.  Accordingly, her claims are subject to dismissal under §

1915(e)(2)(B)(i) as frivolous.

The Court notes that Ms. Smith is subject to a pre-filing injunction in the federal district

where she resides, namely the Western District of Tennessee.  *See Smith v. Dell, Inc.*, Civ. A.

No. 06-2496, ECF No. 4, at 8-9 (W.D. Tenn. Jan. 24, 2007).  In that case, United States District

Judge J. Daniel Breen determined that Ms. Smith was a "frequent filer of patently meritless

lawsuits" and ordered that Ms. Smith could not commence any action in that District without

first paying the civil filing fee.  *Id.* at 10.

A cursory search of legal databases shows that Ms. Smith has also filed frivolous lawsuits

against Google, *Smith v. Google LLC*, Civ. A. No. 18-6459, 2019 WL 539063, at *1 (N.D. Cal.

Feb. 11, 2019) (claims of electronically intercepting and disclosing communications, tracking

and tracing electronic/digital communications and deceptive advertising dismissed on screening);

Microsoft, *Smith v. Microsoft Corp.*, Civ. A. No. 16-1771, 2017 WL 1543332, at *1 (W.D.

Wash. Apr. 28, 2017) (claims dismissed without leave to amend as lacking any conceivable basis

in fact), MasterCard, *Smith v. MasterCard Int'l*, Civ. A. No. 16-1866, 2017 WL 103966, at *2

(E.D. Mo. Jan. 10, 2017), *aff'd*, No. 17-1245, 2017 WL 3401312 (8th Cir. July 3, 2017)

(conclusory allegations lacking in fact about the activities of "Black Hat Hackers" dismissed);

and State Farm, *Smith v. State Farm Ins.*, Civ. A. No. 96-5617, 1996 WL 529465, at *1 (N.D. Ill.

Sept. 13, 1996), as supplemented (Sept. 17, 1996) (leave to proceed in forma pauperis denied and

claim dismissed as frivolous).  There are many others.

Given this litigation history, and the patently frivolous allegations in her current case, the

Complaint is dismissed with prejudice.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112-

113 (3d Cir. 2002) ("[D]ismissals of frivolous claims do not require leave to amend due to the

long tradition of denying leave to amend . . . when amendment is inequitable or futile."). An

appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER, J.